

March 27, 2006

The Honorable Bill Hill
Dallas County District Attorney
Frank Crowley Courts Building
133 North Industrial Boulevard, LB 19
Dallas, Texas 75207-4399

Opinion No. GA-0417

Re: Construction of section 25.0951 of the Texas Education Code, under which a school district may or must file a complaint or referral with a court alleging that a student has failed to attend school as required by law   (RQ-0400-GA)

Dear Mr. Hill:

You ask three questions about the proper construction of section 25.0951 of the Education Code, under which a school district may or must file a complaint or referral with a court alleging that a student has failed to attend school as required by law.[1] *See* TEX. EDUC. CODE ANN. § 25.0951(a) (Vernon Supp. 2005). Section 25.0951 was amended during the Seventy-ninth Regular Legislative Session, and your questions center upon these 2005 amendments. *See* Request Letter, *supra* note 1, at 1; *see also* Act of May 27, 2005, 79th Leg., R.S., ch. 949, § 37, 2005 Tex. Gen. Laws 3198, 3211–12.

I.      **Statutory Compulsory Attendance Laws**

Generally, under section 25.085 of the Education Code, a child between the ages of six and eighteen must attend school "each school day for the entire period the program of instruction is provided." TEX. EDUC. CODE ANN. § 25.085(a) (Vernon Supp. 2005). *But see id.* § 25.086 ("Exemptions"). An individual who is required to attend school under section 25.085 commits an offense if he or she "fails to attend school on 10 or more days or parts of days within a six-month period in the same school year or on three or more days or parts of days within a four-week period." *Id.* § 25.094(a).[2] A student accused of committing the offense may raise affirmative defenses under

---

[1]*See* Letter from Honorable Bill Hill, Dallas County District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Sept. 28, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]A school district must notify a student's parent or guardian "in writing at the beginning of the school year that if the student is absent from school on 10 or more days or parts of days within a six-month period in the same school year or on three or more days or parts of days within a four-week period" the student may be prosecuted for failing to attend school as required by law. TEX. EDUC. CODE ANN. § 25.095(a) (Vernon Supp. 2005); *see also id.* § 25.095(d) (defining
(continued...)

section 25.094(f) or (g) if a school official or a court excused the absence or the absence was involuntary, and the student bears the burden of proving an affirmative defense by a preponderance of the evidence. *See id.* § 25.094(f)–(g). A school district may excuse a student "for temporary absence resulting from any cause acceptable to the teacher, principal, or superintendent of the school in which the person is enrolled." *Id.* § 25.087(a). And a school district must excuse a student for temporary absences resulting from appointments with health care professionals if the student commences classes or returns to school on the same day of the appointment and for religious holy days. *Id.* § 25.087(b).

Section 25.0951, the subject of your inquiry, describes a school district's duty to file a complaint or referral with a court for a student's failure to attend school. The 2005 additions to the statute are italicized:

> (a)  If a student fails to attend school without excuse on 10 or more days or parts of days within a six-month period in the same school year, a school district shall *within seven school days of the student's last absence*:
>
> > (1)  file a complaint against the student or the student's parent or both in a county, justice, or municipal court for [the parent's contributing to nonattendance or the student's failure to attend school], as appropriate, or refer the student to a juvenile court in a county with a population of less than 100,000 for [failure to attend school]; or
>
> > (2)  refer the student to a juvenile court for conduct indicating a need for supervision under Section 51.03(b)(2), Family Code [failure to attend school].
>
> (b)  If a student fails to attend school without excuse on three or more days or parts of days within a four-week period but does not fail to attend school for the time described by Subsection (a), the school district may:
>
> > (1)  file a complaint against the student or the student's parent or both . . . or refer the student to a juvenile court . . . ; or
>
> > (2)  refer the student to a juvenile court for conduct indicating a need for supervision under Section 51.03(b)(2), Family Code.

---

[2](...continued)
"parent" to include "a person standing in parental relation"). If the student is absent "without excuse . . . on three days or parts of days within a four-week period," the school district must notify the student's parent of the absences and request a conference, among other things. *Id.* § 25.095(b).

      (c) In this section, "parent" includes a person standing in parental relation.

      (d) A court shall dismiss a complaint or referral made by a school district under this section that is not made in compliance with this section.

*Id.* § 25.0951; Act of May 27, 2005, 79th Leg., R.S., ch. 949, § 37, sec. 25.0951, 2005 Tex. Gen. Laws 3198, 3211–12. In a proceeding for failure to attend school, a court is directed, "except as otherwise provided by this chapter," to "use the procedures and exercise the powers authorized by Chapter 45, Code of Criminal Procedure." TEX. EDUC. CODE ANN. § 25.0952 (Vernon Supp. 2005).

## II.     Analysis

### A.     Seven-Day Filing Deadline

      You suggest that Dallas County (the "County") and the Dallas Independent School District (the "DISD") disagree as to the interpretation of section 25.0951(a), requiring a school district to file a complaint "within seven school days of the student's last absence." *Id.* § 25.0951(a); *see* Request Letter, *supra* note 1, at 7–8. "The County," you inform us, "believes [that the 2005 amendments] made the statute ambiguous . . . because it is unclear about how to compute the deadline." Request Letter, *supra* note 1, at 7. "The County believes that the correct interpretation . . . requires a school district to file a case within 7 days after the occurrence of a 10th unexcused absence within 6 months. If DISD does not file the case within 7 days after the 10th unexcused absence, then" the court must dismiss the case. *Id.* You further state that, under the County's interpretation, the statutory phrase "or more" ("If a student fails to attend school without excuse on 10 or more days . . . .") "is surplusage and merely means that after the 10th unexcused absence, more absences may accrue after the school district files a case within 7 days of the 10th unexcused absence." *Id.* at 8; *see* TEX. EDUC. CODE ANN. § 25.0951(a) (Vernon Supp. 2005). You summarize DISD's position, which you suggest is contrary to the County's:

> DISD contends that the bill does not require them to file the case within 7 days after the 10th absence. DISD reads the new language of [section] 25.0951(a) as meaning that they can file a case 7 days after the 10th or even the 50th unexcused absence because it states that a case can be filed if "a student fails to attend school without excuse on 10 **or more** days.["]

Request Letter, *supra* note 1, at 8. DISD, however, states its position as follows:

> DISD's position is that the accumulation of 10 absences *upon the determination that the absences are unexcused* for purposes of the compulsory attendance law triggers the deadline. The fact is that the legislation . . . was intended to provide for a reasonable time in which the full scope of the legislative actions throughout Chapter 25 of

the Education Code be considered. Otherwise all the precautions included in Chapter 25 to insure a fair assessment of the student's circumstances and reasons for absences and to avoid groundless complaints and prosecutions are without meaning or effect. Investigations into the causes of the absences must take place.[3]

In DISD's view, the statute "provide[s] a starting point for a school district to consider filing charges" for failure to attend school, i.e., "when a student fails to attend school without excuse." DISD Brief, *supra* note 3, at 5.

Section 25.0951(a) expressly requires a school district to file a complaint against a student or to refer the child to a juvenile court "within seven school days of the student's last absence." TEX. EDUC. CODE ANN. § 25.0951(a) (Vernon Supp. 2005). The phrase "student's last absence" refers back to subsection (a)'s opening clause, "[i]f a student fails to attend school without excuse on 10 or more days . . . within a six-month period in the same school year." *Id.* On its face, section 25.0951(a) specifies that the absences must be unexcused. As DISD argues, a school district may need to conduct fact-finding investigations into whether the absences were unexcused. In our opinion, however, a school district has only seven school days to investigate and file a complaint or referral if one is warranted. If a student disputes that one or more absences were unexcused, the student has the burden of raising an affirmative defense under section 25.094(f) or (g) in the proceeding that has been initiated. A school district's failure to file a complaint or referral within seven school days of the student's "last absence" leads to dismissal under subsection (d).

Additionally, despite the phrase "or more," ten unexcused absences by a student triggers the school district's obligation to file a complaint or referral within seven school days. The phrase "or more" was originally adopted in 1975, when the legislature inserted it into that section of the Family Code that describes conduct indicating a need for supervision to include "the absence of a child on 10 or more days . . . within a six-month period in the same school year or on three or more days . . . within a four-week period from school." TEX. FAM. CODE ANN. § 51.03(b) (Vernon Supp. 2005); *see* Act of May 19, 1975, 64th Leg., R.S., ch. 693, § 3, 1975 Tex. Gen. Laws 2152, 2153. Nothing in the 1975 amendment's legislative history elucidates the legislature's intent in describing a student's unexcused voluntary absence on "10 or more days or parts of days within a six-month period." We presume that the legislature has carried this language into Education Code provisions related to the failure to attend school, including section 25.0951(a), although the legislature inserted the requirement that the ten days occur within the same school year in 2001. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1514, §§ 4–6, 11, 2001 Tex. Gen. Laws 5396, 5399–5401, 5407 (inserting the phrase "in the same school year" in Education Code sections 25.094(2), .095(a), and Family Code section 51.03(b)(2) and adopting Education Code section 25.0951). In his treatise on Texas juvenile law, the late Dr. Robert O. Dawson, explicating the failure-to-attend-school statutes in 2004, indicated that the 2001 amendments did not affect the number of absences required for the offense:

---

[3]Letter from Chris G. Elizalde, Walsh, Anderson, Brown, Schulze & Aldridge, P.C., to Honorable Greg Abbott, Attorney General of Texas, at 4 (Nov. 16, 2005) (footnote deleted) (on file with the Opinion Committee) [hereinafter DISD Brief].

"The number of absences required for the offense remains the same: 3 within a 4 week period or 10 within a 6 month period."[4]

In our opinion, the phrase "or more" is not surplusage but reflects the fact that unexcused absences may occur while the school district investigates the initial ten absences and files a complaint or referral. Under the statute, the fact that more than ten unexcused absences have occurred does not nullify the school district's complaint or referral. But a school district's failure to file a complaint or referral within seven days of the tenth unexcused absence inevitably leads to the complaint's or referral's dismissal.

This conclusion comports with the legislative intent. We understand that members of the Seventy-ninth Legislature wanted to impose a filing deadline on school districts so that a student would have time to make up missed work:

> [The bill] would give school districts a deadline for filing . . . complaints [for failure to attend school] to ensure that courts were notified about a truant in a timely manner. Sometimes a school district may wait so long to file one of these complaints that appropriate action cannot be taken before a school year ends, by which time the child would have no hope of making up a semester's worth of work. Filing these complaints within [seven] days should not be burdensome on school districts, and the issue of [failure to attend school] is sufficiently important to warrant this requirement.

HOUSE RES. ORG., HOUSE COMM. ON JUVENILE JUSTICE AND FAMILY ISSUES, BILL ANALYSIS, Tex. C.S.H.B. 1575, 79th Leg., R.S. 10 (2005).[5] Our reading of the statute effectuates the articulated desire that a school district file complaints or referrals for a student's failure to attend school in a timely manner, allowing a student time to complete his or her school work. Our reading also is consistent with the legislature's determination that failure to attend school is important enough to require school districts to file complaints and referrals within seven school days of the tenth absence.

## B.     Dismissal With or Without Prejudice

You ask second whether a dismissal under section 25.0951(d) is with or without prejudice, "and if it is dismissed without prejudice, can the school district immediately re-file the

---

[4]DR. ROBERT O. DAWSON, TEXAS JUVENILE LAW 486 (Texas Juvenile Probation Commission, 6th ed. 2004) [hereinafter TEXAS JUVENILE LAW].

[5]Cf. also DR. ROBERT O. DAWSON, LEGISLATIVE UPDATE, JUVENILE LAW INSTITUTE, 18th Annual Juvenile Law Conference, Proposed Legislative Changes, 79th Texas Legislature 33 (Feb. 2005) (commentary regarding Education Code section 25.0951) ("It is . . . clear there are enough districts deliberately ignoring the prompt filing requirement to necessitate imposing a criminal punishment for noncompliance."), available at http://juvenilelaw.org/Articles/2005/Juvenile%20Law%20Conference/DawsonLegislativeUpdate.pdf (last visited Mar. 21, 2006); TEXAS JUVENILE LAW, supra note 4, at 486 ("In 2001, the legislature addressed the problem that some schools have unreasonably delayed filing Failure to Attend School cases. Some districts do not file cases until the end of the semester when they dump a large number on the court system at a time when very little constructive work with the students is possible.").

case and simply add additional absences to its petition." Request Letter, *supra* note 1, at 1. Dallas County believes that because "the Legislature did not include the words 'with prejudice' [in section 25.0951(d)], a case dismissed under this statute should be without prejudice" and the school district should be able to refile the case. *Id.* at 9. DISD agrees "that if a case is dismissed for non-compliance with the statute, it should be without prejudice." *See* DISD Brief, *supra* note 3, at 6. The Texas Municipal Courts Education Center, which submitted a brief, disagrees, citing the dictionary definition of the term "dismiss" and criminal provisions in chapter 45 of the Code of Criminal Procedure, which expressly apply in a proceeding for failure to attend school.[6] *See* TEX. EDUC. CODE ANN. § 25.0952 (Vernon Supp. 2005).

Section 25.0951 does not specify whether a complaint or referral dismissed under subsection (d) is dismissed with or without prejudice. *See id.* § 25.0951(d). Nor does section 45.054 of the Code of Criminal Procedure, which provides procedures specific to proceedings for failure to attend school. *See* TEX. CODE CRIM. PROC. ANN. art. 45.054 (Vernon Supp. 2005).

We construe subsection (a) to prohibit a school district from refiling the same complaint. A school district must file a complaint or referral "within seven school days" of determining that the student has failed to attend school on "10 or more days or parts of days" without excuse. TEX. EDUC. CODE ANN. § 25.0951(a) (Vernon Supp. 2005). Failure to file a complaint or referral within seven days leads to an automatic dismissal. *See id.* § 25.0951(d). If a complaint or referral is dismissed for the school district's failure to timely file, any subsequent refiling of the complaint based upon the same ten unexcused absences also must be dismissed for untimeliness. If the student has failed to attend school without excuse since the original complaint was filed, however, the statute can be read to require the school district to file a new complaint or referral within seven school days of the latest absence that lists the latest absence as well as some or all of the absences listed in the original complaint.

## C.    Complaint or Referral Filed Under Education Code Section 25.0951(b)

You ask finally whether a school district may file a case under section 25.0951(b), which authorizes (but does not require) a school district to file a complaint or referral against a student who has failed "to attend school without excuse on three or more days . . . within a four-week period," *id.* § 25.0951(b), "even if the student has accumulated 10 or more unexcused absences by the time the school district is ready to file the case." Request Letter, *supra* note 1, at 1. You suggest that in such a circumstance the school district may not file a complaint or referral under subsection (b) but must instead file a complaint or referral under subsection (a). *See id.* DISD suggests, on the other hand, that subsection (b)'s "permissive language" authorizes a district to file "whenever the student fails to attend school without excuse for three or more days or parts of days within a four week period, even when filing occurs later." DISD Brief, *supra* note 3, at 7.

---

[6]*See* Letter from Ryan Kellus Turner, General Counsel, Texas Municipal Courts Education Center, to Honorable Greg Abbott, Attorney General of Texas, at 6 (Nov. 10, 2005) (on file with the Opinion Committee).

Again, we resolve this issue by consulting the statute's plain language.  Subsection (b) authorizes a school district to file a complaint or referral against a student who has failed "to attend school without excuse on three or more days or parts of days within a four-week period *but [has] not fail[ed] to attend school for the time described by Subsection (a)*."  TEX. EDUC. CODE ANN. § 25.0951(b) (Vernon Supp. 2005) (emphasis added).  The requirement that a complaint or referral be filed within seven school days of the last absence does not apply to a filing under subsection (b), and a school district might, therefore, delay the filing for some time.  But, in our opinion, the italicized language requires that when the number of days a student has failed to attend school has increased from three days within a four-week period, for which a school district may file a complaint or referral under subsection (b), to ten days within a six-month period, for which a school district must file a complaint or referral under subsection (a), the school district must file the complaint or referral under subsection (a).  At this point, the student has allegedly failed to attend school "for the time described by Subsection (a)," and subsection (b) is not available to the school district.  *Id.*

## S U M M A R Y

A school district must file a complaint or referral against a student for failure to attend school under section 25.0951(a) of the Education Code within seven school days of the student's tenth unexcused absence. *See* TEX. EDUC. CODE ANN. § 25.0951(a) (Vernon Supp. 2005). Failure to file within seven school days of the tenth unexcused absence leads to the mandatory dismissal of the complaint or referral by a court. A student who disputes that one or more of the absences were unexcused bears the burden of raising the issue as an affirmative defense under Education Code section 25.094(f) or (g).

A complaint or referral dismissed for the school district's failure to file within seven days of determining that a student has failed to attend school on ten unexcused occasions may not be filed again. A school district may, however, file a new complaint with an unexcused absence that occurred subsequent to the absences noted on the original complaint, but it must do so within seven days of the latest unexcused absence.

A school district may not file a complaint or referral under section 25.0951(b) if the student has accumulated ten unexcused absences by the time the school district is ready to file the case.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee